UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JOHNNY B. COLEMAN, # 134317**                                            **PLAINTIFF**

**VERSUS**                               **CIVIL ACTION NO. 3:14cv8-CWR-LRA**

**WARDEN BUSCHER**                                            **DEFENDANT**

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court *sua sponte*. *Pro se* Plaintiff Johnny B. Coleman is incarcerated with the Mississippi Department of Corrections, and he challenges a Rule Violation Report ("RVR"). The Court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

### FACTS AND PROCEDURAL HISTORY

On October 11, 2013, Coleman alleges that he was found guilty of an RVR for escape. He was charged with destroying the window in his cell. He complains that he was denied the opportunity to call witnesses, an impartial hearing officer, and the specific reasons of the finding of guilt. Coleman also maintains that there was no evidence. He appealed to Defendant Warden Buscher, who affirmed the hearing officer's ruling. As a result of the RVR, Coleman was placed in segregation for thirty days. He complains that the RVR will make it hard for him to obtain B custody and impossible to get a prison job working outside. He brings due process claims and asks the Court to reverse the RVR conviction.

### DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court

determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Coleman to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under § 1915.

42 U.S.C. § 1983

Coleman brings due process claims under 42 U.S.C. § 1983 for the alleged wrongful RVR.

To maintain a procedural due process claim, Plaintiff must show that the RVR either (1) affected or "will inevitably affect the duration of his sentence" or (2) imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995). Coleman does not allege that the RVR affected or will inevitably affect his sentence. Rather, he complains that he was subject to segregation for thirty days, will have difficulty leaving C custody, and cannot get certain prison jobs. Neither the segregation, the custody classification, without more, nor the loss of the privilege of working certain jobs are atypical or significant hardships on the inmate. *Hernandez v. Velasquez*, 522 F.3d 556, 562-

2

63 (5th Cir. 2008) (holding classification which resulted in one year confined to a shared cell, with leave only for showers, medical appointments, and family visits was not an atypical or significant hardship); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (holding 30 day loss of commissary plus 30 day segregation did not implicate due process). This case is therefore dismissed as frivolous. *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998). This dismissal counts as a strike pursuant to § 1915(g).

STATE LAW CLAIMS

To the extent that Coleman asserts state law claims, they invoke the Court's supplemental jurisdiction. 28 U.S.C. § 1367(a). This jurisdiction may be declined if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Since the Court has dismissed the § 1983 due process claims, it declines jurisdiction over the state law claims. They are dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, *pro se* Plaintiff Johnny B. Coleman's 42 U.S.C. § 1983 claims should be and are hereby **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). This dismissal counts as a strike pursuant to § 1915(g). The state law claims are **DISMISSED WITHOUT PREJUDICE**. A separate Final Judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 2nd day of April, 2014.

                                            s/Carlton W. Reeves
                                            UNITED STATES DISTRICT JUDGE